UNPUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

AVA DAYE,

    *Plaintiff-Appellant,*

v.

SCHOOL BOARD OF THE CITY OF NORFOLK,

    *Defendant-Appellee.*

No. 00-2583

Appeal from the United States District Court
for the Eastern District of Virginia, at Norfolk.
Henry C. Morgan, Jr., District Judge.
(CA-99-963-2)

Submitted: June 29, 2001

Decided: September 7, 2001

Before WILKINS and TRAXLER, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

## COUNSEL

Beverly D. Crawford, Richmond, Virginia, for Appellant. Daniel R. Hagemeister, Senior Deputy City Attorney, Norfolk, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

## OPINION

PER CURIAM:

Ava Daye sued the City of Norfolk Public School Board (School Board), alleging discriminatory treatment in violation of the Americans with Disabilities Act, 42 U.S.C.A. §§ 12101-12213 (West 1995 & Supp. 2000) and the Rehabilitation Act, 29 U.S.C.A. §§ 701-796 (West 1999 & Supp. 2000). The district court granted the School Board's motion for summary judgment. We affirm.

Daye claims a history of multiple strokes, which she alleges caused left hemiplegia and some visual impairment.[1] The only medical information in the record is a 1993 letter from Dr. Victor Anglin stating that because of Daye's medical condition, lifting is contraindicated.

Daye began her employment with the School Board in 1978 as a library aide. She began the 1992-93 school year as a kindergarten teacher's assistant, then was transferred to a special education class. Because she complained of stress and physical inability to handle the children, the School Board accommodated Daye by transferring her to a position as an assistant in a pre-kindergarten, special education class. In response to another complaint and the presentation of Dr. Anglin's letter in 1993, the School Board transferred Daye to a position as a kindergarten teacher's assistant. Thereafter, because the School Board reduced class sizes and eliminated the position of kindergarten teacher's assistant system-wide, several individuals, including Daye, were not offered contracts of employment for the 1994-95 school year.

Daye filed an EEOC claim and ultimately a lawsuit against the

---

[1]In correspondence dated April 10, 1992, Daye states that she had a stroke in 1981 and a knee operation in 1991, which left her with minor physical and speech impairments.

School Board, alleging she was discriminated against because of her disability when she was not offered a position as library assistant for the 1994-95 school year.[2] The School Board filed a motion for summary judgment, which the district court granted. Daye timely appealed.

This Court reviews an award of summary judgment de novo. *Higgins v. E.I. Dupont de Nemours & Co.*, 863 F.2d 1162, 1167 (4th Cir. 1988). Summary judgment is appropriate when there is no genuine issue of material fact, given the parties' burdens of proof at trial. Fed. R. Civ. P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-49 (1986). In determining whether the moving party has shown that there is no genuine issue of material fact, a court must assess the factual evidence and all inferences to be drawn therefrom in the light most favorable to the non-moving party. *Id.* at 255; *Smith v. Virginia Commonwealth Univ.*, 84 F.3d 672, 675 (4th Cir. 1996).

To establish a violation of the ADA,[3] Daye must show: (1) she had a disability; (2) she is qualified for the job; and (3) her disability played a motivating role in the employment decision. *Baird v. Rose*, 192 F.3d 462, 470 (4th Cir. 1999); *Williams v. Channel Master Satellite Sys., Inc.*, 101 F.3d 346, 348 (4th Cir. 1996).

First, we cannot conclude that Daye was disabled because of her inability to lift objects weighing more than five pounds. *See Williams*, 101 F.3d at 349 (finding lifting limitations did not constitute disability); *Fitch v. Solipsys Corp.*, 94 F. Supp. 2d 670, 675 (D. Md. 2000) (same). Moreover, even assuming Daye is disabled for purposes of the ADA, the district court did not err in finding Daye was not qualified for the library assistant position based upon her unsatisfactory evaluations. *See Tyndall v. National Educ. Ctrs.*, 31 F.3d 209, 213

---

[2]Daye only appeals the School Board's failure to offer her a position as a library assistant, recognizing that she was not physically capable of performing other available positions based on her qualifications and lifting restrictions.

[3]Daye's claims under the Rehabilitation Act are encompassed within the analysis of her ADA claim. *See Baird*, 192 F.3d at 468-69; *Rogers v. Department of Health & Envir. Control*, 174 F.3d 431, 433-34 (4th Cir. 1999).

(4th Cir. 1994) (considering performance evaluations in determining whether plaintiff was qualified for teaching duties).

Further, Daye failed to prove that the School Board discriminated against her because of disability. Instead, the record evidences the School Board's attempts to promptly accommodate Daye's alleged disabling condition. Finally, we reject Daye's argument that the School Board discriminated against her when it hired Sharonje Dhillon instead of her for the library assistant position for the 1994-95 school year because of Sharonje Dhillon's significantly superior evaluations for the 1991-1994 school years.

We find that Daye has failed to prove discriminatory treatment based on disability. Accordingly, we affirm the district court's order granting summary judgment to the School Board. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid in the decisional process.

*AFFIRMED*